No. 105,952

STATE OF KANSAS, *Appellee*, v. MARK FRECKS, *Appellant*.

(280 P.3d 217)

Opinion filed July 13, 2012.

*Joanna Labastida*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Sheryl L. Lidtke*, deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Mark Frecks pleaded guilty to two counts of off-grid aggravated indecent liberties with a child, pursuant to a plea agreement in which the State agreed to dismiss a third count and stand silent at sentencing. Frecks asked that the Jessica's Law life sentences with 25-year mandatory minimums run concurrently, but the district court judge imposed two consecutive life sentences with no possibility of parole for 50 years. We first consider whether this court has jurisdiction to review the imposition of consecutive life sentences for the aggravated indecent liberties. Because this court has jurisdiction, we review whether the district court abused its discretion in imposing consecutive life sentences in this case.

FACTUAL BACKGROUND

On November 26, 2009, Mark Frecks engaged in the lewd fondling and touching of K.C., a child under the age of 14, with the intent to arouse himself. In February of 2010, Frecks engaged in

similar acts with D.K., a child under the age of 14. Both victims were cousins of Frecks. On November 2, 2010, Frecks entered a guilty plea to two counts of aggravated indecent liberties. Pursuant to the plea agreement, the State dismissed a third count of aggravated indecent liberties against a third child, which alleged similar conduct.

At sentencing, Frecks requested that the sentences run concurrently. The State was silent regarding the recommendation for sentence, as provided in the plea agreement. The victims' parents made statements to the court regarding the impact of the crimes on their children. The court imposed two consecutive life sentences without possibility of parole, for a total of 50 years.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT ORDERED FRECKS TO SERVE CONSECUTIVE SENTENCES?

Frecks argues that the district court abused its discretion by ordering that the sentences run consecutively. The State urges this court to follow *State v. Ware*, 262 Kan. 180, Syl. ¶ 4, 938 P.2d 197 (1997), and *State v. Flores*, 268 Kan. 657, 999 P.2d 919 (2000), and hold that this court is without jurisdiction to consider this issue. If this court has jurisdiction, the State argues that the district court did not abuse its discretion.

### Jurisdiction

Generally, consecutive sentences imposed under the Kansas Sentencing Guidelines are presumptive sentences which are not subject to review by this court. This court conducts a de novo review of the governing statutes to determine whether this court has jurisdiction to consider an issue. *State v. Ortega-Cadelan*, 287 Kan. 157, 163, 194 P.3d 1195 (2008).

The State acknowledges that this court held that it had jurisdiction to consider whether the trial court abused its discretion in denying a criminal defendant's motion to depart from the life sentence with a 25-year mandatory minimum imposed pursuant to K.S.A. 2006 Supp. 21-4643(a) in *Ortega-Cadelan*, 287 Kan. at 164. In *Ortega-Cadelan*, this court held that such a life sentence was not a presumptive sentence within the meaning of K.S.A. 21-

4721(c)(1) and was, therefore, reviewable by the appellate courts. The court explained it this way:

"The Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, defines a defendant's right to appeal from his or her sentence and, as applicable to this issue, provides that 'the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime.' K.S.A. 21-4721(c)(1). The KSGA defines 'presumptive sentence' as 'the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history.' K.S.A. 21-4703(q). Ortega-Cadelan's sentence does not meet the K.S.A. 21-4703 definition of 'presumptive sentence,' as his sentence was not issued pursuant to a number in a grid block. Under the circumstances of this case, the KSGA grid was inapplicable. Moreover, K.S.A. 2006 Supp. 21-4706(d) characterizes Ortega-Cadelan's offense as an 'off-grid [crime] for the purposes of sentencing.' Thus, the State's jurisdictional argument is misguided; we hold that this court has jurisdiction to review a sentence imposed pursuant to K.S.A. 2006 Supp. 21-4643(a)." 287 Kan. at 163-64.

Without addressing the jurisdiction question, this court has reviewed consecutive life sentences imposed for other off-grid crimes. In *State v. Vanderveen*, 259 Kan. 836, 843, 915 P.2d 57 (1996), the court held that the trial court did not abuse its discretion in imposing consecutive life sentences for two counts of first-degree premeditated murder. This court recently reviewed the imposition of consecutive life sentences that resulted from felony-murder convictions in *State v. Morris*, No. 102,051, 2010 WL 2816241 (Kan. 2010) (unpublished opinion). In *Morris*, the court stated that "[t]his court has jurisdiction under K.S.A. 22-3601(b)(1) (conviction for an off-grid crime; life sentence)." 2010 WL 2816241, at *2.

Certain of our cases holding that this court has no jurisdiction to review consecutive sentences have included one off-grid life sentence among the sentences run consecutively. In *Ware*, the court held that it did not have jurisdiction to review the defendant's consecutive sentences of life (for felony murder) and 49 months (for aggravated robbery). 262 Kan. at 184. Similarly, in *Flores*, the court held that it did not have jurisdiction to review the defendant's consecutive sentences of life (for felony murder) and 34 months (for attempted voluntary manslaughter). 268 Kan. at 658, 660; see also

*State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011) (in context of rejecting appellate jurisdiction over consecutive combination of grid sentence and sentence arrived at after departure from Jessica's Law mandatory minimum, Jessica's Law sentence described as "presumptive"); *State v. Whetstone*, No. 104,413, 2012 WL 1253204 (Kan. 2012) (unpublished opinion) (same). The State's reliance on these combination cases is misplaced here, because the only consecutive sentences under review in this case are off-grid life sentences.

Here, Frecks was sentenced to two life sentences pursuant to K.S.A. 21-4643(a). Like the crimes considered in *Ortega-Cadelan*, both of Frecks' convictions are for off-grid offenses. Following *Ortega-Cadelan*, this court has jurisdiction to consider whether the district court abused its discretion in running these off-grid life sentences consecutively.

*Standard of Review*

"Generally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence." *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000). In *State v. McMullen*, 290 Kan. 1, 10, 221 P.3d 92 (2009), we held that the district court had the authority to impose consecutive sentences for two counts of off-grid aggravated indecent liberties with a child under age 14. In *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012), this court gave the standard of review for an abuse of discretion as:

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." 292 Kan. at 550.

*Analysis*

The sentencing judge did not provide specific reasons for imposing consecutive life sentences in this case, saying only: "Based upon the plea negotiations and the allegations involving and sur-

rounding the plea and the filing documents, these will run consecutive to one another." But the plea agreement provided that the State would stand silent at sentencing, while Frecks reserved his right to request concurrent sentences.

The State argues that the sentencing judge was particularly affected by the fact that there were two separate victims who had been molested on different dates and that a third count, involving a third victim, had been dismissed during plea negotiations. Frecks argues that the following factors supported concurrent sentencing: (1) He took responsibility for his actions and entered guilty pleas; (2) he prevented the victims from being traumatized by a trial; (3) he saved the State the expense of a trial; and (4) he had no criminal history.

"It is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety. A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *Vanderveen*, 259 Kan. at 842-43.

While it is certainly the better practice for the district court to include an explanation of its reasons when it imposes consecutive life sentences, a sentencing judge's failure to engage in a lengthy colloquy does not amount to an abuse of discretion. Here, the sentencing judge did provide minimal justification for the decision to impose the life sentences consecutively. Reasonable people may disagree as to whether the sentences should have been imposed consecutively or concurrently; however, under the facts of this case, it was not an abuse of discretion to impose the life sentences consecutively.

Affirmed.