NOT DESIGNATED FOR PUBLICATION

No. 119,859

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN T. MASON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed June 21, 2019.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

PER CURIAM:  Austin T. Mason appeals his sentence for misdemeanor interference with law enforcement. Mason's only claim on appeal is that the district court abused its discretion by imposing his misdemeanor sentence consecutive to his sentence in another case. Finding no error, we affirm the district court's judgment.

FACTS

Mason has three separate cases in district court, but this appeal is only from the sentence imposed in one of the cases. We will briefly give some factual background to

1

put the issue into context. In 2015, Mason was convicted in Butler County case 15CR80 for an offender registration violation, a felony, and misdemeanor possession of drug paraphernalia. In 2017, the State charged Mason in Sedgwick County case 17CR2001 with another offender registration violation. Then, in January 2018, the State charged Mason in Sedgwick County case 18CR49 with interference with law enforcement, a misdemeanor offense. The 2018 misdemeanor is the subject of this appeal.

Mason entered into a plea agreement with the State in 17CR2001 and 18CR49. As part of the plea agreement, the State agreed to recommend running the sentences in the two cases concurrently with each other but consecutive to the sentence in the 2015 Butler County case. In compliance with the plea agreement, Mason pled guilty to the offender registration violation in 17CR2001 and interference with law enforcement in 18CR49.

A presentence investigation (PSI) report prepared in 17CR2001 calculated Mason's criminal history score as H. Mason's criminal history included a second-degree murder conviction, three decayed juvenile adjudications, two theft convictions, and the 2015 Butler County convictions of an offender registration violation and possession of drug paraphernalia. The PSI report revealed that two special rules applied calling for presumptive imprisonment, one being that Mason committed the current offense while on probation for a felony. Mason filed a departure motion and asked the district court to place him on probation or grant him a durational departure.

At the sentencing hearing the district court noted at the outset that "Special Rule No. 9" applied, meaning that Mason had committed his new crimes while on felony probation. Mason argued that the district court should grant probation in the new cases because he had a substance abuse problem and should have a chance to attend inpatient drug and alcohol treatment. After hearing the arguments, the district court sentenced Mason to 34 months' imprisonment in 17CR2001 and to 12 months in jail for his misdemeanor conviction in 18CR49. The district court ordered the sentences in the two

2

new cases to run concurrently with each other but consecutive to the sentence in the 2015 Butler County case. In denying the departure motion, the district court stated:

"Obviously, the PSI is not long, but it is significant for an act of significant violence. This is not your first offender registration violation. This is a second one, and to compound all that, when you were stopped by law enforcement, you don't even identify yourself.

"That worries me a great deal because now I have in the community a violent offender who has a past or has a history of offender registration violation, and when stopped by law enforcement is continuing to attempt to remain in the community without that accountability.

"That leads me to a position where I don't think that I can trust that the good intentions that you have, that they will be followed through, because in the community where you had an opportunity to kind of own up, not only did you not own up but you made affirmative efforts to deceive law enforcement and even your identity."

Mason filed a timely notice of appeal. As stated before, this appeal only addresses Mason's sentence in 18CR49.

## ANALYSIS

Mason's only claim on appeal is that the district court abused its discretion by running his sentence in 18CR49 consecutive to the sentence in his 2015 Butler County case. Mason argues that the decision to impose consecutive sentences was arbitrary and unreasonable because he is unlikely to receive rehabilitative assistance in prison and the district court failed to explain why consecutive sentences would serve the public.

The State first argues that this court lacks jurisdiction to consider Mason's claim because he received a presumptive sentence in 18CR49 and the imposition of consecutive sentences does not alter the presumptive character of the sentences imposed. Assuming

3

this court has jurisdiction over the appeal, the State argues that the district court did not abuse its discretion by ordering consecutive sentences.

*Jurisdiction*

We first examine whether we have jurisdiction over Mason's appeal. Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Under K.S.A. 2018 Supp. 21-6820(c)(1), an appellate court may not review a challenge to a *presumptive* sentence under the Kansas Sentencing Guidelines Act (KSGA) for a *felony* committed on or after July 1, 1993. Generally, consecutive sentences imposed within the applicable grid box under the KSGA are presumptive sentences not subject to review by this court. K.S.A. 2018 Supp. 21-6820(c)(1); *State v. Dull*, 302 Kan. 32, 62, 351 P.3d 641 (2015).

But because this appeal involves a misdemeanor conviction—not a felony conviction—the jurisdictional limitation in K.S.A. 2018 Supp. 21-6820(c)(1) does not apply. Also, Mason's sentence for his misdemeanor conviction is a non-grid sentence and is thus not a presumptive sentence under the KSGA. See *State v. Ross*, 295 Kan. 1126, 1137, 289 P.3d 76 (2012). As a result, we have jurisdiction over Mason's challenge to the consecutive nature of his misdemeanor sentence.

*No abuse of discretion*

Generally, the district court exercises its sound discretion when determining whether a sentence should run concurrent or consecutive to another sentence. *State v. Frecks*, 294 Kan. 738, 741, 280 P.3d 217 (2012). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*,

303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing the abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

We begin by noting that under K.S.A. 2018 Supp. 21-6606(c), any person who is convicted and sentenced for a crime committed while on felony probation shall serve the sentence consecutively to the term under which the person was on probation. Because Mason committed his crime in 18CR49 while on felony probation in the 2015 Butler County case, the district court needed to impose consecutive sentences. An exception to this rule exists if the imposition of consecutive sentences would result in a manifest injustice. See K.S.A. 2018 Supp. 21-6819(a). But Mason did not expressly argue in district court that the imposition of consecutive sentences would result in a manifest injustice, and he makes no such claim on appeal.

Even if K.S.A. 2018 Supp. 21-6606(c) does not apply here, the district court still had discretion to order Mason's sentence in 18CR49 to run consecutive to the sentence in the 2015 Butler County case. See K.S.A. 2018 Supp. 21-6606(a). Mason's primary argument on appeal is that the decision to impose consecutive sentences was arbitrary and unreasonable because he is unlikely to receive rehabilitative assistance in prison. Mason also points out that the district court failed to explain why consecutive sentences would serve the public. As to the latter argument, Mason is correct that the district court did not specifically explain why consecutive sentences would serve the public when it imposed the sentences. But the court's failure to engage in such a colloquy, by itself, does not amount to an abuse of discretion. See *Frecks*, 294 Kan. at 742.

Moreover, when denying Mason's departure motion, the district court explained its concern over his violent criminal history, which included a murder conviction. While Mason sought the opportunity to attend community-based substance abuse treatment programs, the district court did not trust Mason to follow through with treatment and

5

believed he put the community at risk. The district court's reasoning in denying the departure motion was also enough to justify the court's order for consecutive sentences.

Mason does not claim that the district court's order for consecutive sentences was based on an error of fact or law. Based on the record, reasonable persons could agree with the district court's decision to order Mason's sentence in 18CR49 to run consecutive with his sentence in the 2015 Butler County case. Thus, we conclude that Mason has failed to show that the district court abused its discretion in ordering consecutive sentences.

Affirmed.