NOT DESIGNATED FOR PUBLICATION

No. 122,127

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LINNDON SCOTT DEMOSS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed March 12, 2021. Sentences affirmed in part, vacated in part, and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.


PER CURIAM: As an 18-year-old, Defendant Linndon Scott Demoss had sex with two girls who were between 13 and 14 years old. Those are Jessica's Law crimes of statutory rape, carrying an off-grid sentence of life in prison with parole eligibility only after serving 25 years. See K.S.A. 2017 Supp. 21-5503(a)(3) (criminalizing as rape sexual intercourse with child under 14 years of age); K.S.A. 2017 Supp. 21-6627(a)(1)(B) (punishment for statutory rape when defendant at least 18 years old). Demoss also had sex with a 15-year-old girl resulting in his being charged with three counts of unlawful voluntary sexual relations, a severity level 8 person felony. See K.S.A. 2017 Supp. 21-

5507(a)(1). The crimes were charged in separate cases in the Montgomery County District Court in 2017—one for each victim.

Demoss pleaded guilty in August 2018 and was sentenced just over a year later. He asked the district court for a downward departure to the sentencing grid on the statutory rape convictions and suggested a controlling prison term of 25 years. The district court declined to depart from the standard off-grid sentences and imposed them as consecutive punishments, meaning Demoss will have to serve 50 years before being considered for parole. The district court ordered Demoss to be placed on lifetime postrelease supervision for those convictions. On the unlawful voluntary sexual relations convictions, the district court imposed a standard guideline prison term of eight months for each of them and ordered the sentences to be served concurrent with each other but consecutive to the Jessica's Law sentences. Demoss has appealed.

As we explain, we affirm the Jessica's Law sentences with the exception of the lifetime postrelease supervision. We vacate that portion of the sentence, since it has no legal basis. We also vacate the sentences on the unlawful voluntary sexual relations convictions and remand them for resentencing because the district court mistakenly concluded they presumptively called for incarceration rather than for probation.

*Jessica's Law Sentences*

A district court exercises judicial discretion in determining whether to depart from an off-grid punishment to a grid-based punishment for Jessica's Law offenses under K.S.A. 2020 Supp. 21-6627(d). *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015) (quoting *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 8, 218 P.3d 432 [2009]). Likewise, a district court's decision to impose concurrent or consecutive off-grid sentences entails judicial discretion. *State v. Frecks*, 294 Kan. 738, 741-42, 280 P.3d 217 (2012). A district court exceeds that broad authority if it rules in a way no reasonable judicial officer would

2

under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

At the sentencing hearing, the district court took account of various circumstances related to Demoss' criminal conduct and its impact on the victims. We do not catalogue that information here; the parties are familiar with the record. Demoss argued for a departure based on his acceptance of responsibility in pleading guilty and sparing the victims having to testify during a trial or other court proceedings. A clinical psychologist evaluated Demoss and testified he was neither a pedophile nor a likely recidivist.

As the State pointed out, the oldest victim has significant intellectual limitations. One of the younger victims has less pronounced but discernible cognitive deficits. One of the younger victims became pregnant, and the other contracted a sexually transmitted disease. Demoss told at least one of the victims he was 14 years old.

The district court discussed much of this information during the sentencing hearing in outlining its reasoning. The district court characterized Demoss' attitude as less than fully accepting of responsibility and in some respects placing blame on the victims or their parents. The district court noted that both of the younger victims were approaching 14 years old at the time of their encounters with Demoss but declined to depart on that basis because the Legislature drew a clear line at that age for Jessica's Law violations. Ultimately, the district court recognized some grounds for mitigation but found them insufficient to depart from what the Legislature had enacted as the standard punishment for the Jessica's law crimes.

The record shows the district court understood the relevant facts. Similarly, the district court acted within the governing legal framework. It did not weigh Demoss'

3

mitigating factors outlined in K.S.A. 2017 Supp. 21-6627(d)(2) against some nonstatutory set of aggravating factors. Rather, the district court properly examined the full factual tableau to determine that those circumstances were insufficient to warrant mitigation of the standard Jessica's Law punishment. See *Jolly*, 301 Kan. 313, Syl. ¶ 5.

We, then, are left to ask whether the district court came to a conclusion no other judicial officer would in declining to depart to grid-based sentences for the statutory rape convictions. We cannot say that would be true. Demoss serially took advantage of young and vulnerable teenaged girls for his sexual gratification. We doubt the Legislature intended sentencing breaks for adults, even those just over the age of majority, who engage in that sort of conduct. More than a few district courts would heed that legislative intention in a situation like this.

We similarly cannot find an abuse of discretion in the district court's decision to impose the Jessica's Law punishments consecutively. We doubt we would order initial parole consideration for an 18-year-old defendant, such as Demoss, when he was in his late sixties rather than his mid-forties, recognizing that does not mark a release date but a review to assess maturation, contrition, and rehabilitation preparatory to possible release. But what we would do is not the measure for our review. As a member of this panel has observed: "Disagreement with the district court—even strong disagreement—doesn't translate to an abuse of discretion. Nor does the district court's lack of sagacity." *State v. Smith*, No. 112,530, 2015 WL 4580440, at *10 (Kan. App. 2015) (unpublished opinion) (Atcheson, J., concurring in part and dissenting in part). At least some other district courts would impose consecutive sentences in comparable circumstances.

The district court, however, incorrectly imposed lifetime postrelease supervision on Demoss as part of the sentences for the off-grid convictions. Postrelease supervision is not legally available for those crimes. Should defendants serving life sentences be conditionally released, they remain on parole in perpetuity. We, therefore, vacate that part

4

of the district court's judgment ordering lifetime postrelease supervision. See *State v. Satchell*, 311 Kan. 633, 647-48, 466 P.3d 459 (2020).

*Sentences for Unlawful Voluntary Sexual Relations*

The district court erred in sentencing Demoss on the convictions for unlawful voluntary sexual relations. As we have indicated, those charges were filed in a criminal case distinct from the two statutory rape cases. Although all three cases were handled jointly in the district court, they were never formally consolidated. Accordingly, the district court should have considered the unlawful voluntary sexual relations convictions on their own for sentencing purposes. See K.S.A. 2020 Supp. 21-6819(b)(2).

Given Demoss' lack of criminal history, those convictions carried a presumption of probation rather than incarceration under the sentencing guidelines. The district court, therefore, could not have ordered Demoss to serve prison terms on them without granting a motion for an upward dispositional departure from the State or giving notice that it intended to depart from the presumptive disposition of probation. Neither of those procedural mechanisms was deployed.

Rather, the district court incorrectly reasoned it could and should rely on the off-grid sentences imposed in the other cases to drive the punishment for the unlawful voluntary sexual relations convictions, resulting in presumptive incarceration. That mistaken reasoning produced an illegal sentence. See K.S.A. 2020 Supp. 22-3504(c)(1). We, therefore, vacate the sentences the district court imposed on Demoss for the convictions for unlawful voluntary sexual relations and remand for the imposition of statutorily proper sentences.

Sentences affirmed in part, vacated in part, and remanded to the district court with directions.

5