NOT DESIGNATED FOR PUBLICATION

No. 122,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HERSHEL ALFONZO KEMP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed July 1, 2022.
Affirmed.

*Brian L. Williams*, of Emporia, for appellant.

*Amy L. Aranda*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: After a jury convicted Hershell Kemp of numerous child sex
crimes, the district court imposed four consecutive hard 25-year sentences and three
additional hard 25-year consecutive sentences as well as an additional 51 months. For all
practical purposes, Kemp was sentenced to prison for the remainder of his life. He now
appeals his final three consecutive hard 25-year sentences as a violation of the Eighth
Amendment to the United States Constitution and the abuse of the district court's broad

sentencing discretion. Finding that Kemp failed to preserve his Eighth Amendment claim and no error in the district court's sentencing, this court affirms.

FACTUAL AND PROCEDURAL BACKGROUND

The factual allegations of Kemp's convictions are detailed in his direct appeal in which his convictions were affirmed by a panel of this court and are unnecessary to the analysis and decision in this sentencing appeal. See *State v. Kemp*, No. 115,812, 2018 WL 671182 (Kan. App. 2018) (unpublished opinion). Kemp does not challenge his convictions, but rather attacks the sentences imposed by the district court. In December 2014, the State charged Kemp with the following offenses:

Count 1 – aggravated indecent solicitation of a child;

Count 2 – aggravated criminal sodomy;

Count 3 – aggravated indecent liberties with a child;

Count 4 – rape;

Count 5 – rape;

Count 6 – rape;

Count 7 – promote obscenity to a minor;

Count 8 – sexual exploitation of a child; and

Count 9 – rape.

At trial, the jury convicted Kemp of all nine counts, but upon Kemp's request the district court set aside the guilty verdicts for the three rape charges in Counts 4, 5, and 6.

The district court sentenced Kemp to 51 months' imprisonment for Count 1, four consecutive hard 25-year sentences in accordance with Jessica's Law for Counts 2, 3, 8, and 9, and a concurrent term of imprisonment for 12 months for Count 7. Jessica's Law is the informal name for the statutes governing sentencing for adult defendants convicted

2

of certain sex crimes against children that imposes a mandatory minimum of 25 years' imprisonment before parole eligibility. K.S.A. 2021 Supp. 21-6627. In enacting Jessica's Law, the Legislature's intent was "to protect children by removing perpetrators of sexual crimes against children from society" and therefore the State "has a particularly compelling interest in using incarceration as a means of protecting its youth from sexual offenders." *State v. Ruggles*, 297 Kan. 675, 687, 304 P.3d 338 (2013) (quoting *State v. Woodard*, 294 Kan. 717, 722, 280 P.3d 303 [2012]). Therefore, the district court essentially sentenced Kemp to 100 years' imprisonment for Counts 2, 3, 8, and 9 before he is eligible for parole.

Kemp appealed his convictions and the State cross-appealed, challenging the district court's decision to set aside Kemp's convictions on Counts 4, 5, and 6. A panel of this court upheld Kemp's convictions, reversed the district court's ruling on Counts 4, 5, and 6, and remanded for the district court to reinstate and sentence Kemp on those Counts. *Kemp*, 2018 WL 671182, at *18. Upon remand, the district court upheld Kemp's prior sentences and added three additional hard 25-year sentences in accordance with Jessica's Law for Counts 4, 5, and 6. The district court ordered the additional life sentences be served consecutive to one another, and consecutive to the hard 25-year sentences previously imposed for Counts 2, 3, 8, and 9. Kemp appealed, arguing the district court erred in ordering the additional three hard 25-year sentences for Counts 4, 5, and 6 to run consecutively. As a matter of clarity, Kemp inaccurately calculated the district court's original sentence in Counts 2, 3, 8, and 9 as 75 years—but the district court assigned hard 25-year sentences to each of those counts, which is 100 years.

DISCUSSION

Kemp contends that the district court's imposition of three additional hard 25-year sentences that run consecutive to each other and to his prior sentences violates the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual

3

punishment and also constitutes an abuse of the court's discretion. As a preliminary matter, the State contends that Kemp's appeal is moot because Kemp's existing sentences, which are not appealed here, are of such length that the three additional sentences will have no effect. Essentially, the State argues that Kemp will likely not live long enough to serve any of the three consecutive hard 25-year sentences he currently appeals. Although this court cannot fault the State's logic, the State has failed to make a legal showing of mootness.

In an appeal challenging only the defendant's sentence, the party asserting mootness bears the burden of demonstrating the issue is legally moot. *State v. Roat*, 311 Kan. 581, 590-93, 466 P.3d 439 (2020). A case is moot when "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 311 Kan. at 584. The party asserting mootness must make a prima facie demonstration of mootness, which is typically done by showing that the defendant has fully completed the terms and conditions of their sentence. Once that prima facie showing is made, the burden shifts to the party opposing mootness to show that a substantial interest would be impaired by dismissal or that an exception prevents dismissal for mootness. 311 Kan. at 593. Here, the State has not met its burden to show that Kemp completed his sentence or that some other factor, such as Kemp's sentence length alone, could be used to demonstrate a prima facie case of mootness. As the State has not met its burden, its mootness claim fails.

I.    *Kemp failed to preserve his Eighth Amendment claim or identify an exception excusing such failure.*

Before reaching Kemp's Eighth Amendment argument, this court must determine if it is properly preserved for appeal. The State contends that Kemp failed to preserve his claim that the three additional consecutive hard 25-year sentences and his prior sentences

4

violated the Eighth Amendment to the United States Constitution. At Kemp's resentencing hearing for Counts 4, 5, and 6, he asked the district court to consider running his sentences concurrent to each other, and not impose consecutive life sentences. However, after the district court announced its decision that Kemp's hard 25-year sentences would all run consecutive to each other, Kemp failed to object or raise any Eighth Amendment argument. This court finds no record of Kemp raising his constitutional argument to the district court, nor has Kemp alleged such facts on appeal.

Kemp asserts what appears to be an Eighth Amendment proportionality argument, alleging that the district court's imposition of consecutive sentences for Counts 4, 5, and 6 constitutes cruel and unusual punishment because the additional sentences are not graduated and proportional to his offense and do not serve a legitimate penological goal. The United States Supreme Court has identified two classifications of Eighth Amendment proportionality challenges:  (1) case-specific claims challenging the length of term-of-years sentences given all the circumstances in a particular case; and (2) categorical claims where the court applies categorical rules to define proportionality standards, like barring capital punishment for nonhomicide crimes. *Graham v. Florida*, 560 U.S. 48, 59-61, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *State v. Williams*, 298 Kan. 1075, 1084, 319 P.3d 528 (2014).

Defendants are generally prohibited from raising constitutional claims, including Eighth Amendment claims, for the first time on appeal. *Williams*, 298 Kan. at 1084. As with most general prohibitions, exceptions exist that permit this court to resolve constitutional claims brought for the first time on appeal. Among those exceptions is "when the claim involves only questions of law, arises on proven or admitted facts, and is determinative of the case." 298 Kan. at 1084. The Kansas Supreme Court has held that this particular exception can be applied to permit this court to hear an Eighth Amendment categorical proportionality challenge for the first time on appeal. 298 Kan. at 1084-85; *Ruggles*, 297 Kan. 675, Syl. ¶ 1; *State v. Cervantes-Puentes*, 297 Kan. 560, 565-66, 303

P.3d 258 (2013). However, case-specific proportionality claims "are inherently factual" and thus cannot be raised for the first time on appeal. *Williams*, 298 Kan. at 1084-85.

Therefore, if Kemp is raising a categorical challenge, the issue could be saved, but if he is raising a case-specific challenge, the issue is waived. Unfortunately, Kemp has failed to identify the type of proportionality claim he is making on appeal, so this court is left to surmise his intent. In *Williams*, the court found the defendant was asserting a categorical challenge because he argued his sentence was disproportionate "as applied to first-time offenders over age 18 convicted of crimes involving possession of pornographic images of a person under age 18." 298 Kan. at 1086. Unlike the defendant in *Williams*, Kemp has not provided a specific category with which to frame his proportionality challenge. See 298 Kan. at 1085-86. Instead, his argument focuses on the specific circumstances of his case—citing his prior consecutive hard 25-year sentences and the charges stemming from a single victim as the sole reason his additional consecutive hard 25-year sentences are disproportionate. Kemp appears to be asserting a case-specific proportionality challenge—and has not stated otherwise or alleged any exception to permit this court to hear his appeal—so Kemp's failure to preserve this issue prevents him from raising it for the first time on appeal.

II.     *The district court did not abuse its discretion by ordering Kemp's sentences to run consecutively.*

Kemp argues the district court erred by imposing consecutive sentences and cites an abuse of discretion standard, but only cites to legal authority related to his Eighth Amendment argument. Jessica's Law hard 25-year sentences are considered "off-grid" offenses, not presumptive, and can therefore be subject to appellate review. *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 (2008). However, district courts generally have broad discretion to determine whether to run sentences consecutively or concurrently. See K.S.A. 2021 Supp. 21-6819(b); K.S.A. 2021 Supp. 21-6606(a); *State v.*

6

*Frecks*, 294 Kan. 738, 741, 280 P.3d 217 (2012) (quoting *State v. Jamison*, 26 Kan. 564, 576, 7 P.3d 1204 [2000]). This court only disrupts the district court's decision when it determines the district court has abused its discretion because the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Frecks*, 294 Kan. at 741.

Kemp does not specifically argue how he contends the court erred by abusing its discretion beyond alleging that the district court had no penological goal with adding 75 years to his existing 100-year sentence. The State argues that Kemp failed to properly brief this issue and this court need not reach it because issues not adequately briefed are deemed waived or abandoned. Additionally, a failure to support an argument with relevant legal authority or show why it is sound despite lack of supporting authority is the same as failing to brief an issue. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

Assuming without deciding that Kemp met a bare minimum standard for briefing his allegation that the district court abused its discretion by sentencing him to seven consecutive hard 25-year sentences, his claim still fails. The district court has "discretion to impose concurrent or consecutive sentences in multiple conviction cases" and it may "consider the need to impose an overall sentence that is proportionate to the harm and culpability and shall state on the record if the sentence is to be served concurrently or consecutively." K.S.A. 2020 Supp. 21-6819(b). The Kansas Supreme Court has explained that, "[w]hile it is certainly better practice for the district court to include an explanation of its reasons when it imposes consecutive life sentences, a sentencing judge's failure to engage in a lengthy colloquy does not amount to an abuse of discretion." *Frecks*, 294 Kan. at 742.

At Kemp's resentencing, the district court explained that "[t]he basis for the consecutive sentence[s] is the evidence made it clear that these were totally separate offenses in time; therefore, the consecutive sentence is appropriate." The district court's

7

explanation here is similar to the "minimal justification" the district court provided in *Frecks* when imposing two consecutive Jessica's Law sentences, which the Kansas Supreme Court found did not constitute an abuse of discretion. See 294 Kan. at 742. Additionally, the district court's imposition of seven consecutive hard 25-year sentences—which is effectively a life sentence without parole—does not automatically create an abuse of discretion. See *State v. Noches-Padilla*, No. 121,712, 2021 WL 3438505, at *12 (Kan. App.) (unpublished opinion), *rev. denied* 314 Kan. 858 (2021) (a panel of this court upheld the district court's imposition of 15 consecutive hard 25-year sentences); *State v. Lippard*, No. 114,588, 2017 WL 3837700, at *16 (Kan. App. 2017) (unpublished opinion). Kemp was convicted of nine separate sex crimes against a child; under the facts of his case, the district court's decision to run his three additional hard 25-year sentences consecutive to his four prior hard 25-year sentences did not constitute an abuse of discretion.

Affirmed.