NOT DESIGNATED FOR PUBLICATION

No. 126,358

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT PHILIP IACOBELLIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; KENDRA S. LEWISON, judge. Submitted without oral argument. Opinion filed November 1, 2024. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and SCHROEDER, JJ.

PER CURIAM:  Robert Philip Iacobellis entered an *Alford* plea for two counts of rape of a person under 14 years of age, an off-grid crime. See *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The district court adopted the State's sentencing recommendation and sentenced Iacobellis to consecutive 147-month sentences. Iacobellis now appeals his sentence, arguing the district court unreasonably imposed consecutive instead of concurrent terms. Because we find the district court did not abuse its discretion in sentencing Iacobellis, we affirm his sentences.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2021, the State finalized amendments to its complaint against Iacobellis, charging him with 5 counts of rape (4 of which were off-grid), 4 counts of off-grid aggravated criminal sodomy, 16 counts of off-grid aggravated indecent liberties with a child, and 2 counts of severity level 4 aggravated indecent liberties involving four child victims. In April 2022, Iacobellis entered an *Alford* plea to two counts of off-grid rape of one of the alleged victims, N.H. In exchange for Iacobellis entering a plea, the State recommended a downward departure to 147 months for each count to be served consecutively.

Under the plea agreement, Iacobellis was free to ask the district court to impose concurrent sentences. The plea agreement stated that the basis for the requested departure was to avoid revictimizing the victims by putting them through a trial. Additionally, the plea agreement allowed all victims and their families the opportunity to speak at Iacobellis' sentencing if they so desired.

At the plea hearing, the State provided the factual basis for the plea agreement by detailing how Iacobellis had met N.H. and began sexually abusing her when she was around nine years old. The State further detailed that in one instance of abuse, Iacobellis penetrated N.H. digitally and on another occasion, he penetrated N.H. with his penis. The district court accepted the plea agreement and the factual basis for the plea provided by the State and found Iacobellis guilty on the two counts of rape.

At sentencing, N.H. made a victim impact statement recounting the lasting impacts she had suffered because of Iacobellis' abuse. Iacobellis presented testimony from a former employee and his daughter who both claimed they had never witnessed Iacobellis engage in inappropriate conduct with children, including N.H. Iacobellis' witnesses also testified that he was a loving father and businessman of good character.

The State argued that Iacobellis' crimes against N.H. as well as his behavior in grooming other victims called for the imposition of consecutive sentences totaling 294 months. Iacobellis made a statement in favor of concurrent sentences, citing his age, claim of innocence, limited criminal history, and willingness to spare the victims a trial. The district court granted the downward departure to the sentencing grid and granted the State's request for Iacobellis to serve the sentences consecutively.

In its decision, the district court noted the value of avoiding a trial, Iacobellis' business and its positive impact on the community, and the testimony at the hearing as grounds for departing to the grid. But the district court also found the testimony supporting Iacobellis' character was not inconsistent with the allegations made in the case and found that N.H.'s young age and the lasting impact to the victims justified imposing consecutive instead of concurrent sentences for each count. Lastly, the district court noted that it did not wish for Iacobellis to die in prison because of his age, but there was no justification for the two sentences to not be consecutive. Based on all the factors presented at the hearing, the district court sentenced Iacobellis to two consecutive 147-month terms.

Iacobellis timely appeals.

REVIEW OF IACOBELLIS' APPELLATE CHALLENGE

*Standard of review*

Because imposing consecutive presumptive sentences under the revised Kansas Sentencing Guidelines Act is not a sentencing departure, appellate courts lack jurisdiction to consider an argument that imposing consecutive sentences is an abuse of discretion. *State v. Young*, 313 Kan. 724, 739-40, 490 P.3d 1183 (2021). But appellate courts can review consecutive sentences if one of the sentences is for an off-grid crime because the

resulting controlling sentence is not entirely a presumptive sentence. 313 Kan. at 731-32; see also *State v. Dull*, 302 Kan. 32, 62-63, 351 P.3d 641 (2015) (finding jurisdiction to review district court's imposition of consecutive presumptive and departure sentences). When a defendant appeals the consecutive nature of his or her off-grid sentences, he or she must establish that the sentencing court abused its discretion. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

*Analysis*

Iacobellis argues that the district court's decision to sentence him to consecutive sentences was an abuse of discretion because it was unreasonable. More specifically, Iacobellis contends that the district court failed to properly consider evidence of Iacobellis' good character, his minimal criminal history, his age, his willingness to accept a plea, and his standing in the community when it sentenced him to consecutive 147-month sentences. The State counters by arguing the district court did not abuse its discretion by ordering Iacobellis to serve consecutive sentences because it considered all relevant information when sentencing Iacobellis.

A district court acts unreasonably if no reasonable person would have taken the view adopted by the district court. *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). In this case, Iacobellis has not met his burden to show the district court acted unreasonably. At Iacobellis' sentencing hearing, the district court properly weighed several factors in deciding to sentence Iacobellis to consecutive 147-month terms.

4

First, the district court acknowledged that Iacobellis ran a business that contributed to the community for many years. The district court also noted Iacobellis' willingness to spare the victims a trial. But the district court emphasized that despite the nature of the plea, there was a factual basis to find Iacobellis guilty on both counts of rape. And the district court found that nothing about the testimony supporting Iacobellis' generous and kind nature was inconsistent with the allegations made against Iacobellis. In fact, the district court noted that such behavior was likely an effort by Iacobellis to groom his victims.

The district court moved on to note that N.H. was "very, very, very young" when Iacobellis first abused her and that the abuse lasted for several years. The district court also credited the State's argument that Iacobellis' conduct created lasting impacts on his victim. The district court expressly noted, "I don't want Mr. Iacobellis to die in prison. I want him to serve his sentence and get out and live out the rest of his days." But the district court also stated that "based on the nature of the crime, the age that N.H. was, the time period over which these offenses occurred, I can't think of—I can't find any justification for a sentence that's any shorter than 294 months."

It is generally within the district court's discretion to determine whether a sentence should run concurrent with or consecutive to another sentence. *State v. Ross*, 295 Kan. 1126, 1139, 289 P.3d 76 (2012). Additionally, the Kansas Supreme Court has held that factors such as taking a plea deal to spare victims a trial or the life expectancy of a defendant relative to his or her sentence do not require a district court to impose concurrent instead of consecutive sentences. See *State v. Frecks*, 294 Kan. 738, 741-42, 280 P.3d 217 (2012) (district court did not abuse its discretion in imposing consecutive sentences despite the defendant's acceptance of responsibility by taking a plea and preventing further trauma to the victims by avoiding a trial); *State v. Tyler*, 251 Kan. 616, 647, 840 P.2d 413 (1992) (district court does not abuse its discretion by imposing consecutive sentences even if the length of the sentence exceeds the life expectancy of

the defendant). Based on the factors analyzed by the district court at Iacobellis' sentencing hearing, there is ample evidence to show reasonable minds could conclude that consecutive terms were appropriate. Furthermore, Iacobellis has failed to demonstrate how the district court's imposition of consecutive sentences was unreasonable. Because the district court's imposition of consecutive sentences was not unreasonable, the district court did not abuse its discretion in sentencing Iacobellis.

*Conclusion*

The district court considered all relevant factors presented at Iacobellis' sentencing hearing when it sentenced Iacobellis to two consecutive 147-month terms. Because Iacobellis has failed to meet his burden to establish the district court abused its discretion, we affirm his sentences.

Affirmed.