NOT DESIGNATED FOR PUBLICATION

No. 128,028

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DELWIN JAY WOHLGEMUTH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed October 17, 2025. Affirmed.

*Dylan Pryor*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Delwin Wohlgemuth pled no contest to two counts of aggravated indecent liberties with a child, both off-grid felonies. Wohlgemuth's plea agreement with the State provided that if he agreed to serve his time in prison and did not argue for open sentencing, the State would recommend his sentences for each of the two counts run concurrently, rather than consecutively. At sentencing, Wohlgemuth did not move for a departure, but the district court ordered consecutive sentences anyway.

1

Wohlgemuth raises a single issue on appeal—did the district court abuse its discretion by ordering Wohlgemuth's sentences to run consecutively?

Under Kansas law, a district court has the power to decide whether sentences are imposed concurrently or consecutively. Wohlgemuth must show that the district court abused its discretion in its decision to impose consecutive sentences. Here, that burden has not been met. At sentencing, the district court noted the significant harm to the victim and the concern it had with the defendant's statements towards the victim. Wohlgemuth has failed to prove that no reasonable person would have taken the view adopted by the district court. The district court did not abuse its discretion in ordering consecutive sentences, and accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2023, Delwin Wohlgemuth contacted law enforcement to report that he had been sexually abusing a child under 14 years of age. During the investigation of his report, he admitted to touching the child inappropriately 20 or 30 times over the span of approximately one year. Wohlgemuth was arrested and charged with two counts of rape and two counts of aggravated indecent liberties with a child. Wohlgemuth eventually entered a plea to two felony counts of aggravated indecent liberties with a child pursuant to K.S.A. 21-5506(b)(3)(A) and (c)(3). The remaining charges were dismissed.

During his plea hearing, the district court informed Wohlgemuth that these charges were off-grid person felonies with a mandatory minimum term of life imprisonment and no opportunity for parole for 25 years per count. As part of his no-contest plea, the State agreed to dismiss all other charges. The State further agreed to recommend the two counts run concurrently so long as Wohlgemuth agreed to serve his time in prison. If Wohlgemuth argued for "open sentencing," the State was allowed to request the counts run consecutively.

2

At his sentencing hearing, the parties agreed Wohlgemuth had no prior criminal history. A victim impact statement was given by the victim's mother. Wohlgemuth did not argue for a departure and the State recommended concurrent sentences. Wohlgemuth acknowledged that the court had authority to determine the sentence, regardless of the agreement of the parties. The district court conducted allocution, where Wohlgemuth stated:

"I . . . (pause) regret and remorse do not begin to describe what I'm feeling today, what happened.

"I have been in mourning, utterly sorrow, despondent. I've gone through a process of repentance. I don't know how such a thing could even have happened. Not the life I lived. I love my family, I love my children. Had eight children. Yesterday was a terrible day. I only heard from one child. And he's in heaven already.

"Very sorry, [victim]. I broke your trust.

"I tried to be a leader. For the most part I was a protector. And a provider. Was a good provider. Was a caregiver.

"I was a good husband. Worked hard. We worked hard. Had a good life. Everything I've ever done, somehow it's diminished. Every extra hour I worked, every diaper I changed, every bath I had given. Every hug I've given.

"It wasn't four years, it was two. Was never anything in Florida. Never. Very sorry.

"From a spiritual standpoint. Disobedience to God. Was a lack of faith. Was a falling away. It was a testing and a failure.

"Let that be a lesson. To you, [child]. You need to be obedient to God. Keep your, your thoughts and your deeds, your boyfriends and who you choose. How you let boys touch you. Everything I said to you is, before all of this happened, [child], is true; okay? We all fight against flesh and blood. We fight against principalities. And our adversary ran around like a roaring lion seeking who he may devour. He comes to kill, steal, and destroy. He's certainly done that here.

"I love you all. Okay."

The district court sentenced Wohlgemuth to serve two consecutive life sentences in prison. At sentencing, the district court was very concerned with the statement

Wohlgemuth made at the hearing, specifically stating that Wohlgemuth was a predator and not a "provider and protector," as he had claimed. Further, the district court took issue with Wohlgemuth's lack of recognition of the harm he caused and found it "ludicrous" that he was lecturing "a child on her behavior." Subsequently, the district court ordered that the two counts run consecutively based upon its determination that Wohlgemuth did not grasp the harm he had done.

Wohlgemuth timely appeals.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY ORDERING WOHLGEMUTH'S LIFE SENTENCES TO RUN CONSECUTIVE?

A district court has discretion to decide whether a sentence should run concurrent with or consecutive to another sentence. *State v. Goens*, 317 Kan. 616, 619, 535 P.3d 1116 (2023). A judicial action constitutes an abuse of discretion if it

> "'(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.'" *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019).

As the party asserting an abuse of discretion, Wohlgemuth bears the burden of establishing such abuse. See 309 Kan. at 1227. "To sustain his burden, he must show that no reasonable person would have taken the trial court's view." *Goens*, 317 Kan. at 620.

Kansas law does not set definitive criteria for how a district court should exercise its discretion to impose consecutive or concurrent sentences. *State v. Mitchell*, 320 Kan.

4

775, 780, 571 P.3d 604 (2025); *Goens*, 317 Kan. at 620. "Neither our statutes nor our caselaw set definitive criteria for when a district court should order sentences to be served concurrently or consecutively." 317 Kan. at 620.

Yet, Kansas appellate courts have considered the reasonableness of consecutive sentences in similar contexts. In *State v. Ross,* 295 Kan. 1126, 1138-39, 289 P.3d 76 (2012), the Kansas Supreme Court considered whether the trial court abused its discretion in ordering consecutive sentences:

> "Ross argues that the district court abused its discretion by ordering the sentences to run consecutive to one another because (1) he had no prior criminal history, and (2) his sentence for felony murder already required him to serve 20 years before he would be eligible for parole. Before imposing consecutive sentences, the district court considered the suffering of the young woman during the kidnapping, Ross' lack of compassion for the victim, and the extent of harm to the family of the victim. Based on the facts of this case, a reasonable person could conclude that consecutive sentences were appropriate. Accordingly, we cannot say that the district court abused its discretion by imposing consecutive sentences."

Wohlgemuth does not argue that the decision was based on an error of law or an error of fact. Instead, Wohlgemuth asserts the district court should have run the sentences concurrently because he voluntarily turned himself in to protect the victim from further harm and did not dispute the charges. He further argues that it is unreasonable to run the sentences consecutively, as he would be 107 before any chance of release, rather than allowing a parole board to assess him at age 82. Wohlgemuth argues that the court allowed its "emotion to overbear its judgment."

As in *Ross,* Wohlgemuth had no prior criminal history, and he was already subject to one lengthy sentence. 295 Kan. at 1138. In considering whether to run his second sentence consecutively, the district court reviewed Wohlgemuth's criminal history, the

5

recommendation of the State, as well as statements from Wohlgemuth and the victim's mother. The State recommended concurrent sentences as part of the plea agreement. But the trial court is not bound by recommendations given by the State under a plea agreement. *State v. McNabb*, 312 Kan. 609, 614, 478 P.3d 769 (2021); *State v. Beck*, 307 Kan. 108, 110, 406 P.3d 377 (2017).

Here, the district court based its decision to order consecutive sentences on the suffering and harm experienced by the victim, and Wohlgemuth's attitude towards the victim in his statement to the court. The sentencing judge found that despite describing himself as a "caregiver and provider and protector," Wohlgemuth was in fact a predator. The sentencing judge also pointed out that Wohlgemuth "quibbled with the children's statements of what happened, about how long it went on or where it happened . . . ." The sentencing judge concluded that Wohlgemuth lecturing another child during his allocution was "frankly ludicrous."

The Kansas Supreme Court has held that "minimal justification" from a district court will support a district court's decision to order consecutive sentences. See *State v. Frecks*, 294 Kan. 738, 742, 280 P.3d 217 (2012). In *Frecks*, the district court did not provide specific reasons for imposing consecutive life sentences, saying only: "'Based upon the plea negotiations and the allegations involving and surrounding the plea and the filing documents, these will run consecutive to one another.'" 294 Kan. at 741-42.

In affirming the district court, the Kansas Supreme Court held,

> "[w]hile it is certainly the better practice for the district court to include an explanation of its reasons when it imposes consecutive life sentences, a sentencing judge's failure to engage in a lengthy colloquy does not amount to an abuse of discretion. Here, the sentencing judge did provide minimal justification for the decision to impose the life sentences consecutively." 294 Kan. at 742.

6

In the present case, the district court properly considered the gravity of the crimes, the harm to the victim, and Wohlgemuth's remarks at sentencing. The district court provided ample factual support for its decision. See 294 Kan. at 742. Wohlgemuth has failed to carry his burden to show that no reasonable person would have ordered consecutive sentences. The district court did not abuse its discretion in ordering consecutive sentences in this case.

Affirmed.