Judge Marshall

delivered the Opinion of the Court.
The only question in this case, is whether the Chancellor decided correctly in disregarding depositions taken to prove the contents of a covenant for a conveyance of land, when the only ground presented for the admission of such secondary evidence, was a paper purporting to be the certificate of a Justice of the Peace for the state of Missouri, certifying that one of the personal representatives of the deceased covenantee, had made oath before him, that she had searched for and could not find the covenant, and therefore believed that it was lost. And we are clearly of the opinion, that there was no error in the decision now complained of.
Even if such an affidavit by one only of several personal representatives—each equally entitled to the custody of a paper, should, when properly authenticated and fully accredited, be sufficient to show prima facie the loss of the paper, nevertheless, the certificate is not authenticated.
There is not, so far as we know, any statute of this State, or principle of common law, or rule of practice, which gives any authority to an oath administered in a foreign state, to a party to a suit in this State, excepting only the case of answers in chancery, provided for by special enactment of 1825, (1 Stat. Law, 302;) or which, with the exception just stated, entitles any foreign certificate, of such foreign oath, to judicial credence here.
Wherefore, the decree below is affirmed.