KUMPE v. GEE, Judge.

No. 5681.

Court of Civil Appeals of Texas. Amarillo.

May 7, 1945.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for relator.

W. E. Gee, of Amarillo, for respondent.

STOKES, Justice.

This is an orginal application by the relator, Frances Schaer Kumpe, for a writ of mandamus to the respondent, the Honorable W. E. Gee, Judge of the 108th District Court of Potter County, commanding him to proceed with the trial of Cause No. 18,845, entitled Frances Schaer Kumpe v. G. Wehr Kumpe, a suit for divorce instituted in that court by the relator on March 15, 1945. Respondent declined to proceed with the trial of the case upon the ground that the instrument filed by relator as a waiver of service of citation and entry of appearance in the case, signed and purported to be sworn to by the defendant therein, was not verified before an official authorized by the laws of this State to administer oaths for use in judicial proceedings in our courts. The instrument offered as a waiver of citation appears to have been sworn to before Peronneau Mitchell, who designates himself as Captain of Infantry, Assistant Adjutant. The defendant, G. Wehr Kumpe, was, at the time he executed the purported waiver, and still is, a soldier in the United States Military Service, stationed outside the territorial limits of the United States, and relator contends that Rule 119, Texas Rules of Civil Procedure, was fully complied with by the defendant when he signed and swore to the waiver before such officer.

Article of War 114, Act of June 4, 1920, 41 Stat. 810 as amended, approved December 14, 1942, 10 U.S.C.A. § 1586, provides that any Assistant Adjutant shall have the general powers of a notary public in the administration of oaths, the execution of acknowledgments of legal instruments, the attestation of documents, and all other forms of notarial acts to be executed by persons subject to military law.

Relator contends that Captain of Infantry and Assistant Adjutant Peronneau Mitchell was clothed with authority by the Federal statute above mentioned to ad-

minister to the defendant in the divorce case the affidavit required by Rule 119, Texas Rules of Civil Procedure, and that his office as Assistant Adjutant falls within the category of those officials designated by Subdivision 3 of Article 26, Texas Revised Civil Statutes 1925, as those to whom is extended authority to administer oaths and take affidavits. That section provides that oaths, affidavits, or affirmations may be administered, and a certificate of the fact given, * * * "3. If without the United States, before any notary public, or any minister, commissioner or charge d'affaires of the United States, resident in and accredited to the country where the affidavit may be taken, or any consul general, consul, vice-consul, commercial agent, vice-commercial agent, deputy consul, or consular agent of the United States, resident in such country." Relator contends that inasmuch as the Federal statute gives to an Assistant Adjutant the same authority as that possessed by a notary public in a foreign jurisdiction under our statute, he was to all intents and purposes a notary public and therefore possessed authority to administer the oath and take the affidavit of the defendant in the divorce case.

■ The office of notary public is of ancient origin. It originated, as relator asserts, in the early Roman jurisdiction and was recognized in England long before the Norman conquest, but under the law merchant his duties were confined to those which arose in the dealings of merchants. Administering of oaths and taking of affidavits is not one of the common-law powers of a notary but is conferred only by legislative enactment. Its existence cannot be presumed. Those acts performed by a notary public which fall within the rules of the law merchant have always been respected under the law of nations, but any acts beyond the purview of the law merchant, if performed by him, must be authorized by statute. Jenks v. Jenks, 47 Tex. 220; Latimer v. St. Louis Southwestern Ry. Co., 40 Tex.Civ.App. 136, 88 S.W. 444; Teutonia Loan & Building Co. v. Turrell, 19 Ind.App. 469, 49 N.E. 852, 65 Am.St.Rep. 419; Ramy's Representatives v. Kirk, 39 Ky. 267, 9 Dana 267; Rounds v. Coleman, Tex.Civ.App., 179 S.W. 530.

■ Moreover, the rule is well established that when assistance is asked of an officer of another state or country in the matter of taking testimony, affidavits, or administering oaths for use in the local forum, if it is performed it is done by virtue of the local, and not the foreign, authority, and this rule applies to authority which may be extended by the Federal Government. Gibson v. Tilton, 1 Bland's Ch., Md., 352, 17 Am.Dec. 306; United States v. Badeau, D. C., 33 F. 572.

■ There are eleven functionaries to whom authority to administer oaths and take affidavits is extended by Subdivision 3 of Article 26. The first to be designated is any notary public and, as we understand the statute, it clearly requires that he must be resident in the country where he administers the oath or takes the affidavit. All of the ten other functionaries mentioned in the statute must possess their original authority from the United States Government and each of them likewise must be resident, for the time being at least, in the country where he administers the oath or takes the affidavit.

Relator contends that the wording of Subdivision 3 is such as to authorize any person who possesses the authority of a notary public to perform such functions regardless of where he may be located. She asserts that the clause, "resident in such country," does not apply to a notary public when taking an affidavit without the territorial limits of the United States, and that her interpretation of the statute is supported by the case of Ward v. Valand, Tex.Civ.App., 135 S.W.2d 770. In that case the Court said that the words "notary public" appearing in the third subsection of Article 26 are not qualified by the phrases, "resident in and accredited to the country where the affidavit may be taken," and "resident in such country." Through the courtesy of the Court of Civil Appeals at El Paso, the briefs in that case have been made available to us, and they reveal that one of the contentions presented by the appellant, elaboration of which was perhaps not essential to the decision of that case but which becomes material here, was, in effect, that the provisions of Subdivision 3 of Article 26 require that the residence of the notary public, residing within a jurisdiction beyond the territorial limits of the United States, be of the same nature as the residence of the ten other functionaries mentioned therein, that is, that he not only must be resident in such

foreign country but must be accredited to such country where the affidavit may be taken. In other words, that even though the official administering the oath was a notary public, his power to function as such, in respect to related matters in this State, must proceed from authority extended by the United States Government. The Court overruled the contention and thereby held that a notary public resident in Norway and holding his commission under authority of that kingdom was qualified to take the affidavit. In the light of the contention presented by the brief, the court held only that the notary public mentioned in Subdivision 3 did not fall within the same category as the ten other functionaries mentioned therein.

Relator refers us to the case of Browne v. Palmer, 66 Neb. 287, 92 N.W. 315, as sustaining her contention that the assistant adjutant who took the affidavit here involved was ex-officio a notary public and as such was qualified to administer the oath regardless of where he might be located outside the United States. In that case the Supreme Court of Nebraska held that a vice-consul of the United States in Glasgow, Scotland, duly accredited by the Federal Government to a foreign power, was, under the Nebraska statute, authorized to take affidavits or depositions for use in the Nebraska courts, although such official was not specifically enumerated as one having authority to do so by the Nebraska law. He was a notary public ex-officio under the Federal law and the holding was to the effect that, being such, he could perform the functions of a notary wherever he might be located at the time. The case is not in point here, for the reason that the Nebraska statute does not require that such functionary be resident in the country where the affidavit is taken. It simply provides that, without the State, depositions and affidavits may be taken by a judge, justice, or chancellor of any court of record or notary public, thus giving the authority to any of those functionaries wherever they might be located or by whatever authority they function. In our opinion, the requirement of our statute that such officials be resident in the country where the affidavit is taken is mandatory and that unless they are resident in such country they are not authorized to administer oaths or take affidavits for use in our courts.

It is not contended that the Assistant Adjutant who took the affidavit here involved was resident in any foreign country. The record does not show where the affidavit was taken but only that it was taken and the oath administered outside the territorial boundaries of the United States by an officer in the military forces of the United States Government, which implies that he was not resident in the foreign country where the affidavit was taken, but was a resident of this country and, for the time being, serving with our Armed Forces in a foreign jurisdiction. Conceding relator's contention that the officer was ex-officio a notary public by virtue of the Federal statute, the fact that he was not resident in the country where the affidavit was taken removed him from the class of officials designated by our statute as being those possessing authority to administer oaths and take affidavits.

In our opinion, the Assistant Adjutant who purported to take the affidavit of G. Wehr Kumpe, the defendant in Cause No. 18,845, pending in the 108th District Court of Potter County, was not clothed with authority under our law to administer the oath or take the affidavit, and the waiver of service tendered by the relator was therefore not "sworn to before a proper officer," as required by Rule 119, T. R. C. P.

The writ of mandamus applied for will therefore be denied.