No. 66,395

STATE OF KANSAS, *Appellant*, v. CENCIL O'NEAL, *Appellee*.

(824 P.2d 967)

Opinion filed January 17, 1992.

*Thomas P. Alongi*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the briefs for appellant.

*Rick Kittel*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: In this criminal action, Cencil O'Neal was charged with perjury, K.S.A. 1990 Supp. 21-3805. At the preliminary hearing, the district court dismissed the charge against O'Neal, finding the military officer who had taken O'Neal's statement was acting outside his authority as a notary public. The State appeals the district court's decision.

Cencil O'Neal was charged with perjury based upon a statement made on January 8, 1991, to an army officer. On February 25, 1991, at the preliminary hearing, the issue of whether the officer had the authority as a notary to take a sworn statement from a civilian was raised. The parties stipulated to the following facts.

O'Neal is not in the military. The charge against him, however, arises out of a statement he gave to Christian D. Marsh, a military police officer investigator. Marsh was investigating an incident that occurred at least in part at Ft. Riley. O'Neal's statement was not made at Ft. Riley. Marsh's authority for administering the oath is Article 136(b)(4) of the Uniform Code of Military Justice (U.C.M.J.). This statute is codified at 10 U.S.C. § 936 (1988).

After hearing the parties' arguments, the district court determined that the restrictions that apply to persons authorized to act as notaries under 10 U.S.C. § 936(a) (1988) also apply to those persons authorized to act as notaries under 10 U.S.C. § 936(b). The district court then found that under the U.C.M.J. an investigating military officer does have the authority to administer oaths for the purpose of military administration and military justice. Investigating military officers also have the general powers of a notary public. The district court, however, found that pursuant to § 936(a), this notarial authority applied only to acts executed by members of the armed forces or employed by or accompanying the armed forces outside the United States; thus, the oath made by O'Neal to Marsh did not qualify as an oath under Kansas law. The district court, therefore, dismissed the case against O'Neal.

The sole issue on appeal is whether Marsh as an investigating military officer had the authority as a notary to administer the oath and take a sworn statement from O'Neal, a civilian not associated with the military, while off-post.

First, let us look at the definition of perjury. K.S.A. 1990 Supp. 21-3805 states in pertinent part:

"(a) Perjury is willfully, knowingly and falsely swearing, testifying, affirming, declaring or subscribing to any material fact upon any oath or affirmation legally administered in any cause, matter or proceeding before any court, tribunal, public body, *notary public* or other officer authorized to administer oaths." (Emphasis added.)

The office of notary public is not a new creation. It began in the early Roman state and existed in England long before the Norman Conquest. The notary public originated under the law merchant, and the notary's duties were limited to those that arose in the dealings of merchants. "Administering of oaths and taking of affidavits is not one of the common-law powers of a notary but is conferred only by legislative enactment. Its existence cannot be presumed." *Kumpe v. Gee*, 187 S.W.2d 932, 934 (Tex. Civ. App. 1945).

The parties stipulated to the fact that Marsh is authorized to administer oaths and to act as notary pursuant to U.C.M.J. Art. 136(b)(4). The current version of Article 136 states:

"(a) The following persons on active duty or performing inactive-duty training may administer oaths for the purposes of military administration, including military justice:

(1) All judge advocates.

(2) All summary courts-martial.

(3) All adjutants, assistant adjutants, acting adjutants, and personnel adjutants.

(4) All commanding officers of the Navy, Marine Corps, and Coast Guard.

(5) All staff judge advocates and legal officers, and acting or assistant staff judge advocates and legal officers.

(6) All other persons designated by regulations of the armed forces or by statute.

"(b) *The following persons on active duty or performing inactive-duty training may administer oaths necessary in the performance of their duties*:

(1) The president, military judge, trial counsel, and assistant trial counsel for all general and special courts-martial.

(2) The president and the counsel for the court of any court inquiry.

(3) All officers designated to take a deposition.

(4) *All persons detailed to conduct an investigation.*

(5) All recruiting officers.

(6) All other persons designated by regulations of the armed forces or by statute." 10 U.S.C. § 936 (1988 & Supp. II 1990). (Emphasis added.)

It is apparent the district court as well as the parties relied upon the statute's language as it appeared prior to amendments made in 1990. Prior to these amendments 10 U.S.C. § 936(a) stated:

"The following persons on active duty may administer oaths for the purposes of military administration, including military justice, *and have the general powers of a notary public and of a consul of the United States, in the performance of all notarial acts to be executed by members of any of*

*the armed forces, wherever they may be, by persons serving with, employed by, or accompanying the armed forces outside the United States and outside the Canal Zone, Puerto Rico, Guam and the Virgin Islands, and by other persons subject to this chapter outside the United States: . . . ."* (Emphasis added.)

Because the restrictive language of subsection (a) was no longer in force when O'Neal made his statement to Marsh, we need not determine whether the restrictive language also applied to subsection (b). Based upon the facts stipulated to by the parties, we find Marsh was authorized by federal statute to act as a notary.

The parties argue over whether Marsh's authority as a notary extends to notarial acts performed off federal property. To answer this question, we must look to Kansas law because a notary public performs acts "by virtue of the local, and not the foreign, authority, and this rule applies to authority which may be extended by the Federal Government." *Kumpe*, 187 S.W.2d at 934.

In 1984 Kansas adopted the Uniform Law on Notarial Acts, K.S.A. 1990 Supp. 53-501 *et seq.*, and repealed the Uniform Recognition of Acknowledgments Act, K.S.A. 53-301 *et seq.* The Uniform Law on Notarial Acts, 14 U.L.A. 125 *et seq.* (1990), has also been adopted by six other states and "seeks to simplify and clarify proof of the authority of notarial officers." 14 U.L.A. 125. Section 5 of the Uniform Law on Notarial Acts governs the effect of notarial acts that are performed under federal authority. Section 5 is codified at K.S.A. 1990 Supp. 53-506, which states:

"(a) A notarial act has the same effect under the law of this state as if performed by a notarial officer of this state if performed anywhere by any of the following persons under authority granted by the law of the United States:

"(1) A judge, clerk, or deputy clerk of a court;

"(2) a commissioned officer on active duty in the military service of the United States;

"(3) an officer of the foreign service or consular officer of the United States; or

"(4) any other person authorized by federal law to perform notarial acts.

"(b) The signature and title of a person performing a notarial act are prima facie evidence that the signature is genuine and that the person holds the designated title.

"(c) the signature and indicated title of an officer listed in subsection (a)(1), (a)(2) or (a)(3) conclusively establish the authority of a holder of that title to perform a notarial act."

The State claims K.S.A. 1990 Supp. 53-506(a)(2) or (a)(4) authorizes Marsh to act as a notary in the State of Kansas. In response, O'Neal first argues the State cannot rely upon K.S.A. 53-501 *et seq.* because the State did not cite it during the preliminary hearing before the district court. We do not agree.

At the preliminary hearing, the district court judge concluded by stating:

"This man [O'Neal], not being in the United States army, not being employed by the United States army outside the United States, Court finds that that does not qualify as an oath *as intended by the laws of the State of Kansas* for the purpose of constituting the crime of perjury."

The only issue considered at the preliminary hearing was whether Marsh had the authority to act as a notary *under the laws of the State of Kansas.* It is true litigants must preserve an issue before the trial court in order to raise that issue on appeal. *Schmeck v. City of Shawnee*, 232 Kan. 11, 35, 651 P.2d 585 (1982). Litigants, however, do not have to use the same authorities in their appellate briefs as they used before the district court.

Next, O'Neal contends the State can claim Marsh has notarial authority under K.S.A. 1990 Supp. 53-506(a)(2) only because (a)(2) deals specifically with military personnel. O'Neal further claims the State failed to present any evidence before the district court proving Marsh was "a commissioned officer on active duty." At the preliminary hearing, O'Neal stipulated that Marsh was authorized by federal law to perform notarial acts. As long as Marsh meets the requirements of *any* of the four provisions of K.S.A. 1990 Supp. 53-506(a), the statement by O'Neal which Marsh notarized has the same effect as if the statement had been notarized by a notarial officer of this state. We, therefore, find that Marsh was authorized to perform notarial acts within the State of Kansas in accordance with K.S.A. 1990 Supp. 53-506(a)(4).

Finally, O'Neal argues Marsh did not comply with K.S.A. 1990 Supp. 53-508, which requires a notarial act to "be evidenced by a certificate signed and dated by a notarial officer." K.S.A. 1990 Supp. 53-508, which describes what a certificate must include as well as what form a certificate of a notarial act may take. The sworn statement made by O'Neal is not a part of the record on appeal. Thus, we cannot determine whether Marsh complied with

K.S.A. 1990 Supp. 53-508. The district court must consider this question on remand.

The district court's decision is reversed and the case is remanded for further proceedings.