IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,111

STATE OF KANSAS,
*Appellee*,

v.

BOSTON COLE BOSWELL,
*Appellant.*

SYLLABUS BY THE COURT

1.

A district court's ruling on a motion to depart from a presumptive sentence is reviewed for an abuse of discretion.

2.

Under K.S.A. 2017 Supp. 22-3504(3), an illegal sentence is one that (1) is imposed by a court that lacks jurisdiction; (2) does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) is ambiguous about the time and way it is to be served. Whether a sentence meets one of those criteria is a question of law, so appellate review is unlimited.

3.

A district court's mischaracterization of evidence that is not material to its factual findings or legal conclusions regarding a departure motion does not establish an abuse of discretion.

4.

A sentencing court lacks authority to impose a term of postrelease supervision together with an off-grid indeterminate life sentence.

5.

A sentencing court lacks authority to impose lifetime electronic monitoring as a condition of parole for a first-degree murder conviction.

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed December 10, 2021. Affirmed in part and vacated in part.

*Kasper Schirer*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: After pleading no contest to premeditated first-degree murder, Boston Cole Boswell faced a presumptive sentence of life imprisonment with no chance of parole for 50 years, commonly called a hard 50 sentence. He asked the district court to depart from that sentence and instead allow him a chance at parole after 25 years. The district court denied that request, and Boswell now appeals that decision. Additionally, Boswell contends that the district court's order imposing lifetime postrelease supervision and electronic monitoring as a condition of parole each render his sentence illegal.

Boswell has failed to establish that the district court's ruling on the departure motion was founded on an error of fact or law or that its ruling was objectively unreasonable. We therefore hold that the district court did not abuse its discretion in

2

denying the departure motion, and we affirm Boswell's hard 50 sentence. Finally, the State concedes that the district court lacked authority to impose postrelease supervision or electronic monitoring as a condition of parole, so we vacate those illegal components of his sentence.

FACTS AND PROCEDURAL BACKGROUND

The facts are not in dispute. Boswell stayed the night at a Dodge City motel with S.R.W., the victim, in March 2018. After S.R.W. fell asleep, Boswell took S.R.W.'s gun from her purse and shot her in the head. He would later tell officers that he had first contemplated suicide but then shot S.R.W. after voices in his head told him to do so. He walked home after the shooting and went to sleep. Boswell went to work at a feedlot the next morning and told a coworker what had happened. The police were contacted, and Boswell confessed to shooting S.R.W.

The State charged Boswell with one count of premeditated first-degree murder and one count of theft of a firearm. The district court granted Boswell's request for a mental examination to determine whether he could pursue a mental-disease-or-defect defense at trial. That defense requires a defendant to show that, as a result of mental disease or defect, he or she lacked the culpable mental state required as an element of the crime charged. See K.S.A. 2020 Supp. 21-5209. The requisite mental state for premeditated first-degree murder is that the person acted intentionally. See K.S.A. 2020 Supp. 21-5402(a)(1).

The clinical staff at Larned State Hospital (Larned) found that Boswell was "clearly able to form intent, implement decisions, and engage in goal-directed behaviors during the time of the alleged offense," so "[h]e possessed the mental state as required as an element of the offenses charged." The staff also found that Boswell was "feigning

3

symptoms of psychosis." Even so, the staff did diagnose Boswell with antisocial personality disorder based on a "continued pattern of unlawful behavior, failure to conform to social norms, impulsivity, reckless disregard for the safety of others, lack of remorse, and irresponsibility." The staff also noted that he exhibited features of borderline personality disorder, including "affective instability, inappropriate, intense anger, recurrent suicidal behavior, and markedly unstable self-image."

Boswell and the State entered into a plea agreement before trial. Boswell agreed to plead no contest to first-degree murder. Boswell later claimed that he entered that plea so S.R.W.'s family could avoid further emotional turmoil at trial. In exchange for Boswell's plea, the State agreed to dismiss the firearm-theft charge and two other pending cases unrelated to this appeal. The State also agreed to remain silent at sentencing. The court accepted Boswell's no contest plea and set the case for sentencing.

Boswell moved to depart from his presumptive hard 50 sentence for premeditated first-degree murder. See K.S.A. 2020 Supp. 21-6620(c)(1)(A) and 21-6623. A district court can depart from a hard 50 sentence in a premeditated first-degree murder case only if the court finds "substantial and compelling reasons" to do so. K.S.A. 2020 Supp. 21-6620(c)(1)(A). If the district court makes that finding, it may instead impose a sentence of life imprisonment with no chance of parole for 25 years, a hard 25 sentence. See K.S.A. 2020 Supp. 21-6620(c)(2)(A).

The district court took up Boswell's motion at sentencing. Boswell argued that there were substantial and compelling reasons for a departure based on K.S.A. 2020 Supp. 21-6625. That statute provides a nonexclusive list of eight mitigating circumstances a court may consider when deciding whether to depart from a presumptive sentence. See K.S.A. 2020 Supp. 21-6625(a)(1)-(8). Boswell's attorney argued that three of the statutory mitigating circumstances applied. First, under K.S.A. 2020 Supp. 21-

4

6625(a)(1), Boswell claimed he had no significant history of prior criminal activity, as evidenced by his criminal-history score of I, the lowest classification. Second, under K.S.A. 2020 Supp. 21-6625(a)(2), Boswell argued that he committed the crime while under the influence of extreme mental or emotional disturbances. In support of this mitigating circumstance, Boswell relied on his report of hearing voices at the time of the murder and his antisocial personality diagnosis. Third, under K.S.A. 2020 Supp. 21-6625(a)(7), Boswell argued that the court should consider his young age because Boswell was only 18 when he committed the murder. His attorney confirmed that none of the other statutory mitigating circumstances under K.S.A. 2020 Supp. 21-6625 applied.

The district court addressed each mitigating circumstance before ruling on the motion. It found that Boswell's age was "concerning" but concluded this factor alone did not establish a substantial and compelling basis for departure:

> "And, the fact that you were 18 years old when you committed this crime, that is—that is hard for the Court. That's—that's a factor that is, when you look at it in the spectrum of what the possible sentence is, that is—that is concerning.

> "However, it's my job to weigh all of these factors together. And, while the factor that you are now 20-years old is a factor that I must consider. In and of itself, I do not find that to be a substantial and compelling factor to mitigate the sentence."

The district court also acknowledged Boswell's lack of criminal history but again concluded that this fact alone was not a substantial and compelling basis for departure given the significance of the crime:

> "Additionally, the fact that you have no prior criminal history. Again, in and of itself, you went from zero criminal history to committing a murder in the first degree. And, so, again, I do not find that that is a substantial or compelling factor in and of itself."

5

Finally, the district court addressed Boswell's claim that he committed the crime while under the influence of extreme mental or emotional disturbances. It acknowledged that Boswell had mental-health issues but concluded that they did not provide a substantial and compelling reason to depart:

"Your mental health history, the Court is aware of. We've gone through several stages here in regards to that—that mental health. You were found to be competent. You were found to know the meaning of right and wrong. And, as you sit here today and told the Court, you are aware that your actions were wrong.

"And, it's my duty to make sure that the law is followed, and that the consequences for the actions that you decided to take are based on that law.

"And, so, again, while I think that—that your mental health situation, I agree that there were some issues. I do not find that those issues rise to the level to find that that is a substantial and compelling factor to enter a departure based on those."

The district court concluded that these mitigating circumstances did not rise to a substantial and compelling reason for departure individually or in the aggregate, i.e., cumulatively, and denied Boswell's motion. The district court imposed a hard 50 life sentence and ordered that Boswell be subject to lifetime postrelease supervision should he ever be paroled. Also, the journal entry of judgment subjected Boswell to lifetime electronic monitoring as a condition of parole, even though that condition was not addressed or pronounced from the bench at sentencing.

Boswell appealed directly to our court. Jurisdiction is proper under K.S.A. 2020 Supp. 22-3601(b)(3) (appeal shall be taken directly to Supreme Court in cases where the maximum sentence of life imprisonment has been imposed).

6

Boswell raises two issues on appeal. First, he contends that the district court abused its discretion by denying his motion to depart to a hard 25 sentence. Second, he argues that the district court committed legal error by imposing lifetime postrelease supervision and electronic monitoring as a parole condition, rendering those components of his sentence illegal. We conclude that the district court's decision to deny Boswell's departure motion was not founded on factual or legal error or objectively unreasonable, so we affirm his hard 50 sentence. However, the district court lacked authority to impose lifetime postrelease or electronic monitoring parole conditions, so we vacate that portion of the sentence.

## I. Standard of Review and Legal Framework

As noted, the district court can depart from a hard 50 sentence in a premeditated first-degree murder case only if it finds "substantial and compelling reasons" to do so. K.S.A. 2020 Supp. 21-6620(c)(1)(A). "The term 'substantial' in the sentencing departure context means something that is real, not imagined, and of substance, not ephemeral." *State v. Morley*, 312 Kan. 702, Syl. ¶ 3, 479 P.3d 928 (2021). And we have explained when addressing the revised Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., that "[a] compelling reason to override the statutory presumptive sentence of imprisonment is one that forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. 702, Syl. ¶ 4. Even if a district court finds substantial and compelling reasons to depart in first-degree premeditated murder cases, the court is still required to impose a life sentence, but it must generally reduce the mandatory minimum prison term from 50 to 25 years. K.S.A. 2020 Supp. 21-6620(c)(2)(A).

We review a district court's ruling on a departure motion for an abuse of discretion. *State v. McLinn*, 307 Kan. 307, 347-48, 409 P.3d 1 (2018). A district court abuses its discretion if its decision is arbitrary or unreasonable, based on a legal error, or based on a factual error. 307 Kan. at 332. Boswell, as the party asserting error, has the burden of establishing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

We apply a different standard of review to a motion to correct an illegal sentence, Boswell's second issue on appeal. Under K.S.A. 2017 Supp. 22-3504(3), an illegal sentence is one that (1) is imposed by a court that lacks jurisdiction; (2) does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) is ambiguous about the time and way it is to be served. Whether a sentence meets one of those criteria is a question of law, so our review is unlimited. *State v. Sartin*, 310 Kan. 367, 370, 446 P.3d 1068 (2019).

## II. *The District Court Did Not Abuse Its Discretion by Denying the Departure Motion*

Boswell argues primarily that the district court abused its discretion by committing a factual error in denying his departure motion. He also attempts to recast this alleged factual error into a claim of legal error and challenges the reasonableness of the district court's conclusion that the mitigating circumstances did not constitute substantial and compelling reasons to depart from the presumptive hard 50 sentence. We address each argument in turn.

However, before reaching the merits, we must first address the State's argument that Boswell failed to preserve this issue for appeal. The State points out that "there was no objection or attempt to clarify the district court's factual finding below," and it argues that "[b]ecause such actions could have entirely avoided this issue of purported error, this issue should not be addressed for the first time on appeal." We disagree with the State.

8

Boswell adequately preserved the issue by moving for a departure sentence based, in part, on his mental health under K.S.A. 2020 Supp. 21-6625(a)(2), offering evidence in support of that motion, and giving the district court fair opportunity to rule on the merits. Granted, Supreme Court Rule 165 (2021 Kan. S. Ct. R. 230) requires a party to lodge an objection when the district court fails to make adequate findings to address an issue of law. See *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). But here, the district court made findings of fact relevant to all the statutory mitigating circumstances Boswell relied upon in his departure motion. The State's argument that Boswell was required to contemporaneously object to the district court's factual findings or request additional findings before raising an abuse-of-discretion challenge on appeal is not supported by any current rule of this court or any of the authority the State has cited.

While we conclude that Boswell adequately preserved his challenge for appeal, we disagree with him on the merits. Boswell first contends the district court's ruling is based on an error of fact. A factual error is an abuse of discretion when "'substantial competent evidence does not support a factual finding on which . . . the exercise of discretion is based.'" *McLinn*, 307 Kan. at 332. Boswell contends the district court made such an error when it addressed whether his mental health issues provided a substantial and compelling reason to depart from the presumptive sentence.

Boswell had argued that he committed the crime while under the influence of extreme mental or emotional disturbances, a mitigating factor under K.S.A. 2020 Supp. 21-6625(a)(2). In finding that this factor did not present a substantial and compelling reason to depart, the court said, in part, that Boswell was "found to know the meaning of right and wrong":

"Your mental health history, the Court is aware of. We've gone through several stages here in regards to that—that mental health. You were found to be competent. *You were found to know the meaning of right and wrong*. And, as you sit here today and told the Court, you are aware that your actions were wrong.

"And, it's my duty to make sure that the law is followed, and that the consequences for the actions that you decided to take are based on that law.

"And, so, again, while I think that—that your mental health situation, I agree that there were some issues. I do not find that those issues rise to the level to find that that is a substantial and compelling factor to enter a departure based on those." (Emphasis added.)

Boswell insists the district court's statement constitutes factual error because the clinical staff at Larned did not find that he knew right from wrong. In fact, such an inquiry was beyond the scope of their evaluation, which was limited to determining whether Boswell lacked the mental state required to commit first-degree murder as a result of mental disease or defect.

We hold that the district court did not commit an error of fact. First, the district court's remark that Boswell was "found to know the meaning of right and wrong" merely recounted the evolution of the mental-health issue over the course of the proceedings. The district court judge was simply explaining, albeit unartfully, that Boswell had previously raised questions about his mental health in an unsuccessful attempt to pursue a mental-disease-or-defect-defense, prior to entering his plea agreement. The district court's statement was not a separate finding of fact material to Boswell's claim that his mental health issues established the existence of a mitigating circumstance warranting departure under K.S.A. 2020 Supp. 21-6625(a)(2).

And the district court findings material to K.S.A. 2020 Supp. 21-6625(a)(2) are supported by substantial competent evidence. Specifically, the district court found Boswell did, in fact, establish the existence of mental-health issues: "And, so, again, while I think that—that your mental health situation, I agree that there were some issues." Substantial competent evidence supports that finding. As noted, clinical staff at Larned diagnosed Boswell with antisocial personality disorder with borderline features. Based on this finding, the district court made the controlling legal conclusion that these mental health issues did not establish a substantial and compelling factor to depart from the presumptive sentence: "I do not find that those issues rise to the level to find that that is a substantial and compelling factor to enter a departure based on those."

Finally, even if the district court's statement (that Boswell was "found to know the meaning of right and wrong") could be construed as a finding of fact material to its legal conclusion, that purported finding is supported by the record. Boswell repeatedly admitted at sentencing that he was aware that his conduct was morally wrong. His behavior after the shooting further corroborated this testimony: Boswell fled the scene, confessed to a coworker in the face of mounting guilt, turned himself in to law enforcement, and pleaded no contest to avoid further emotional turmoil for S.R.W.'s family. These facts and circumstances provided substantial competent evidence to support a finding that Boswell appreciated the moral character of his conduct.

Next, Boswell argues that the district court committed an error of law. A legal error occurs when the court's "'discretion is guided by an erroneous legal conclusion.'" 307 Kan. at 332. Boswell again focuses on the district court's statement that he was "found to know the meaning of right and wrong." He asserts that the district court's statement constitutes legal error because it reflects the wrong standard for a mental-disease-or-defect defense. But the district court judge was not ruling on the availability of the mental-disease-or-defect-defense—he was ruling on Boswell's departure motion. And

11

as noted above, this statement did not constitute an error of fact. Nothing in the record suggests the district court applied an incorrect legal standard when it ruled on Boswell's departure motion. We hold that the district court did not commit an error of law.

Finally, Boswell contends the district court's ruling on the motion was unreasonable or arbitrary. To prevail on such a claim, Boswell must show that "'no reasonable person would have taken the view adopted by the trial court.'" 307 Kan. at 332. Boswell has failed to make that showing.

Although Boswell offered evidence in support of three statutory mitigating factors, "the existence of a factor that is arguably mitigating does not necessarily mean that such a factor is 'substantial and compelling.'" *State v. Blevins*, 313 Kan. 413, 440, 485 P.3d 1175 (2021). Boswell shot and killed a young woman for no apparent reason, and despite mental-health issues, he was found to be capable of forming the intent necessary to commit premeditated first-degree murder. In light of these circumstances, we cannot conclude that *no* reasonable person would have agreed with the district court's decision to deny Boswell's departure motion. See *Blevins*, 313 Kan. at 440 (district court did not abuse discretion in finding that mitigating factors, including young age of defendant at the time of the murder and limited criminal history, did not warrant departure); *McLinn*, 307 Kan. at 348-49 (affirming denial of motion to depart from hard 50 sentence even though defendant presented evidence that she had no significant history of prior criminal behavior, she was under the influence of extreme mental or emotional disturbances, and she was relatively young at the time of the offense); *State v. Murillo*, 269 Kan. 281, 289-90, 7 P.3d 264 (2000) (affirming denial of motion to depart from hard 40 sentence even though defendant argued he was under extreme mental or emotional disturbance due to crack cocaine use and lacked capacity to appreciate the criminality of his conduct).

Because Boswell has failed to establish that the district court abused its discretion by committing a factual or legal error or by making an objectively unreasonable decision, we affirm his hard 50 sentence.

## III. The District Court Imposed an Illegal Sentence by Ordering Lifetime Postrelease Supervision and Lifetime Electronic Monitoring as a Condition of Parole

Boswell has raised his illegal-sentence motion for the first time on appeal. Typically, a defendant must raise an issue before the trial court to preserve an issue for appellate review. *State v. O'Neal*, 250 Kan. 229, 233, 824 P.2d 967 (1992) (Generally, "litigants must preserve an issue before the trial court in order to raise that issue on appeal."). However, K.S.A. 2017 Supp. 22-3504(1) authorizes the court to correct an illegal sentence at any time. We have held that this statutory provision grants appellate courts authority to consider illegal-sentence issues raised for the first time on appeal. See *Sartin*, 310 Kan. at 375. We will therefore consider Boswell's argument that the district court lacked statutory authority to impose postrelease supervision and electronic monitoring as a parole condition.

In its briefing, the State concedes that both conditions rendered Boswell's sentence illegal. We agree. "'[A] sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence.'" *State v. Fraire*, 312 Kan. 786, 797, 481 P.3d 129 (2021). Similarly, a sentencing court also lacks "authority to impose parole conditions." *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). Therefore, the district court's order imposing postrelease supervision in conjunction with Boswell's hard-50 sentence and electronic monitoring as a condition of parole render his sentence illegal.

An illegal sentence may be corrected without a new sentencing hearing when our mandate and opinion will be "'determinative of the action.'" *State v. Phillips*, 309 Kan. 475, 478, 437 P.3d 961 (2019) (quoting K.S.A. 60-2106[c]). Here, our opinion is determinative of the issues raised in this action. Therefore, we hereby vacate the components of Boswell's sentence imposing lifetime postrelease supervision and electronic monitoring as a condition of parole. Therefore, no further proceedings in the district court are required.

Affirmed in part and vacated in part.