IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,721

STATE OF KANSAS,
*Appellee*,

v.

DAWSON JAMES MITCHELL,
*Appellant.*

SYLLABUS BY THE COURT

1.

A district court's decision to impose a hard 50 sentence for first-degree premeditated murder is reviewed for abuse of discretion.

2.

A district court's decision to impose consecutive sentences is reviewed for abuse of discretion.

Appeal from Bourbon District Court; MARK A. WARD, judge. Submitted without oral argument May 15, 2025. Opinion filed July 3, 2025. Affirmed.

*Reid T. Nelson*, of Capital and Conflicts Appeals Office, and *Debra J. Wilson*, of the same office, were on the brief for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

WALL, J.:  Dawson James Mitchell pleaded guilty to the premeditated murder of his mother and stepfather. The district court imposed two life sentences with no opportunity for parole for 50 years (a "hard 50" sentence). The court chose to run those sentences consecutive, meaning that Mitchell has no opportunity for parole for 100 years.

Mitchell appeals his sentences. He argues that the district court should have granted his request to impose hard 25 rather than hard 50 sentences. He also argues that the court should have run the sentences concurrent rather than consecutive.

The record shows that the court properly considered Mitchell's mitigating evidence—his mental illness, troubled upbringing, and acceptance of responsibility—yet was unpersuaded given the brutal, premeditated nature of his crimes. Both sentencing decisions fall well within the district court's lawful discretion. We therefore affirm Mitchell's sentences.

## FACTS AND PROCEDURAL BACKGROUND

In December 2021, Mitchell forced his way into his mother and stepfather's home while his mother was on a work call. Armed with a gun he'd stolen from his father days earlier, Mitchell shot his mother six times in the upstairs hallway and then shot his stepfather four times as he lay in bed.

Mitchell later pleaded guilty to two counts of first-degree premeditated murder. He does not dispute that he committed these crimes.

Before sentencing, Mitchell asked the court to impose concurrent hard 25 sentences rather than hard 50 sentences. Mitchell relied on three statutory mitigating factors: he committed the crimes while under extreme mental or emotional disturbances; his capacity to appreciate the criminality of his conduct or conform his conduct to legal requirements was substantially impaired; and his age at the time of the crime (he was 23). See K.S.A. 21-6625(a)(2), (6), (7). The motion also detailed Mitchell's severe psychiatric problems, including psychosis, delusions, and multiple suicide attempts. He traced these issues to his upbringing by parents suffering from drug addiction and mental illness. Earlier in the case, the court found Mitchell competent to stand trial, and that issue is not in dispute here.

During the sentencing hearing, two doctors testified for Mitchell. They opined that Mitchell's brain was not fully developed; that drug use had impaired his brain development and triggered psychosis; that his brain functioned abnormally due to a combination of drug intoxication, sleep deprivation, and mental illness; and that medication effectively controlled his symptoms.

The district court acknowledged that Mitchell had established several mitigating factors. But it concluded that they fell short of the "substantial and compelling reasons" required to justify a hard 25 sentence "for the premeditated, heinous and brutal nature of the crimes":

> "The Court finds, based upon the review of the entire file, the facts of this case, the presentence investigation report, the evidence presented in support of the defendant's motion for departure, the State's evidence in response and further arguments of counsel, that the evidence presented by the defendant does not rise to substantial and compelling circumstances for the Court to depart from the presumptive sentence established by law.

3

"While the defendant has presented some mitigating factors, such as history of family abuse, and emotional stresses, psychological and mental infirmities affecting his ability and judgment to appreciate the criminality of his conduct, history of drug abuse, age of the defendant at the time of the crime, remorse, and accepting responsibility for his actions, these mitigating circumstances presented here in the last two days—including testimony from Dr. Roache and Dr. Witcher and the numerous other witnesses that have testified over the course of these two days, and all of the admitted exhibits that I have reviewed—do not rise to substantial and compelling circumstances for the Court to depart from the presumptive sentences for the premeditated, heinous and brutal nature of the crimes that the defendant committed."

Defense counsel then asked for concurrent sentences. The State requested consecutive sentences. So did Mitchell's brother, sister, and stepbrother. The district court said that the crimes were "horrible, heinous, and devastating to the victim[s]' family and friends" as well as Mitchell's "own family." It imposed consecutive hard 50 sentences, explaining that the "two sentences reflect the fact that [Mitchell] killed two separate people."

Mitchell appealed directly to our court. Kansas law generally allows defendants to appeal any final judgment a district court enters against them. K.S.A. 22-3601; K.S.A. 22-3602(a). But there are exceptions to this general rule that can deprive appellate courts of subject-matter jurisdiction. For example, Kansas law precludes appellate review when the district court imposes a "presumptive sentence" or when the sentence results from a court-approved agreement between the parties. See K.S.A. 22-3602(a); K.S.A. 2021 Supp. 21-6820(c)(1)-(2). Neither exception applies here.

Mitchell was convicted of an "off-grid" crime, so his sentence was not imposed under the grids that establish presumptive sentences for most felonies. *State v. Frecks*, 294 Kan. 738, 739, 280 P.3d 217 (2012) (life sentences for off-grid crimes are not "presumptive sentences" under the guidelines). And his sentence did not result from an

4

agreed recommendation. The plea agreement contained no jointly recommended sentence and expressly allowed Mitchell to seek concurrent hard 25 sentences. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (appellate bar does not apply when parties have no agreed-upon sentence).

Our court is also the proper forum for Mitchell's appeal because the district court imposed a life sentence and because Mitchell was convicted of an off-grid crime. See K.S.A. 22-3601(b)(3)-(4). Thus, we have jurisdiction over Mitchell's appeal. We placed this matter on the May 2025 summary-calendar docket, so we did not hold oral argument.

ANALYSIS

Mitchell challenges his sentences on two grounds. First, he contends that the district court unreasonably denied his motion for hard 25 sentences. Second, he argues that the court unreasonably ordered his hard 50 sentences to run consecutive rather than concurrent.

We review both decisions for an abuse of discretion. See *State v. Boswell*, 314 Kan. 408, 417, 499 P.3d 1122 (2021); *State v. Morley*, 312 Kan. 702, 710, 479 P.3d 928 (2021). A court abuses its discretion if its decision is arbitrary or unreasonable, based on a legal error, or based on a factual error. *Boswell*, 314 Kan. at 413. Mitchell alleges no legal or factual error, so he must show that the court's sentencing decisions were objectively unreasonable.

I. *The district court's decision to impose hard 50 sentences was not objectively unreasonable.*

A district court can deviate from a hard 50 sentence in a premeditated first-degree murder case only if, after a review of mitigating circumstances, it finds "substantial and

5

compelling reasons" to do so. K.S.A. 21-6620(c)(1)(A). A "'substantial and compelling reason[]'" is "'something that is real, not imagined, and of substance'" that "forces a court—by the case's facts—to abandon the status quo." 314 Kan. at 412-13. The mitigating circumstances are outlined at K.S.A. 21-6625. That statute provides a nonexclusive list of eight mitigating circumstances a court may consider. See K.S.A. 21-6625(a)(1)-(8).

Mitchell identifies several factors that he believes are substantial and compelling reasons to impose hard 25 sentences. But they do not compel a district court to impose hard 25 sentences.

First, Mitchell argues that severe mental illness substantially impaired his capacity to conform his conduct to the law. This impairment manifested through persistent auditory, visual, and olfactory hallucinations that began in adolescence and then evolved into paranoid delusions. Mitchell contends that these delusions—particularly his belief that his stepfather was orchestrating conspiracies against him and sexually abusing his nieces and nephews—led directly to the crimes. Mitchell's mental condition, he argues, was not of his own making but stemmed from genetic predisposition. He says that both his parents suffered from mental illness.

Mitchell further points to his extreme emotional disturbance at the time of the crimes, his abusive childhood with drug-addicted parents that altered his brain development, and his history of suicide attempts. Mitchell notes that expert testimony established that medication has effectively controlled his symptoms since his incarceration. And Mitchell also emphasizes his remorse and his acceptance of responsibility, as evidenced by his guilty pleas. Collectively, Mitchell maintains, these mitigating circumstances warrant hard 25 sentences, which still ensure lengthy incarceration but preserve the possibility that a parole board could eventually evaluate his rehabilitation.

6

But Mitchell fails to show that "'no reasonable person would have taken the view adopted by the trial court.'" 314 Kan. at 416. A reasonable person could conclude—as the district court did—that the mitigating factors Mitchell presented did not compel the district court to impose hard 25 sentences given the "premeditated, heinous and brutal nature of the crimes." See *State v. Fowler*, 315 Kan. 335, 340, 508 P.3d 347 (2022) (affirming hard 50 sentences based on "the premeditated, brutal, and heinous nature of the murders").

Mitchell methodically carried out the murders of two family members. He stole his father's gun, broke into his mother's home, and then shot his mother six times and his stepfather four times in separate locations of the home. And these premeditated acts had a devastating impact on surviving family members. While Mitchell presented evidence of mental illness and emotional disturbance, the court reasonably determined that these circumstances, though genuine, did not constitute "substantial and compelling reasons" to deviate from the hard 50 sentences that the Legislature established for the crimes.

II. *The district court's decision to run the sentences consecutive was not objectively unreasonable.*

A district court has discretion to decide whether a sentence should run concurrent with or consecutive to another sentence. *State v. Goens*, 317 Kan. 616, 619, 535 P.3d 1116 (2023). Kansas law does not set definitive criteria for how a district court should exercise this discretion. 317 Kan. at 620.

Mitchell argues that concurrent sentences would better serve criminal-justice goals. He contends that the consecutive sentences—which impose a mandatory minimum prison term of 100 years—serve no rehabilitative function. And earlier parole eligibility would be an incentive for self-improvement. Mitchell also maintains that retribution

cannot justify the sentences because his crimes stemmed from "a profound and tragic mental illness" rather than deliberate malice. He also suggests that future medical advances might cure his condition, making parole appropriate. And he notes that if he were released, he would be subject to lifelong supervision with significant restrictions on his liberty. K.S.A. 2024 Supp. 22-3717(k)(2), (m)(2), (4), (5), (7), (8).

Mitchell again fails to show that the district court's ruling was objectively unreasonable. The court's decision to impose consecutive sentences reflected the gravity of the premeditated murders of two people. Multiple family members, including Mitchell's own siblings, urged the court to impose consecutive sentences. And the court's straightforward explanation that "the two sentences reflect the fact that you killed two separate people" demonstrates a logical and reasonable basis for its decision. See *State v. McNabb*, 312 Kan. 609, 614, 478 P.3d 769 (2021) (finding no abuse of discretion for imposing consecutive hard 50 sentences when the court explained this decision reflected "'that [the defendant] killed two separate people'"). Mitchell's mental illness may present a sympathetic factor. But it does not render the court's decision objectively unreasonable, particularly given the deliberate nature of Mitchell's acts and the devastating impact they have had on multiple families.

In sum, Mitchell has not shown that the district court abused its discretion by deciding not to impose hard 25 sentences and by imposing consecutive hard 50 sentences. We therefore affirm Mitchell's sentences.

WILSON, J., not participating.